YELVERTON, Judge.
The sole issue before us is the excessiveness of a jury award of $70,000 to Ethyl Pepperdine, for damages received in an automobile accident.
Mrs. Pepperdine and her two children, Rachel (the driver) and Kevin, were in a car that was rear-ended by a large loaded truck on March 2, 1982. All three occupants were injured. They sued the driver of the truck, the driver’s employer, and the employer’s insurer. Liability was not an issue.
After trial a jury returned a verdict awarding Kenneth Pepperdine (the husband) $10,549.39, Ethyl Pepperdine $70,000, the minor Rachel $5,000, and the minor Kevin $100,000.
Following the signing of a judgment in accordance with that verdict, the defendants filed a motion for a remittitur, and in the alternative for a new trial, on the ground that the awards to Ethyl and Kevin were excessive. Both motions were denied and the defendants appealed these two awards as excessive. The appeal from the award to Kevin was subsequently dismissed, and we are now solely concerned with the award to Ethyl Pepperdine.
Ethyl testified that immediately after the accident she did not notice any injuries to herself. It was not until the next day that she realized that her body ached all over. The generalized pain lasted for several months but gradually decreased. The pain in her back and neck, however, remained, as did arm pain which radiated from her back.
Ethyl consulted Dr. Louis Charles Blan-da, Jr., an orthopedic surgeon, about her symptoms. The initial test results were normal and Dr. Blanda recommended conservative treatment consisting of therapy and anti-inflammatory medication. On her third visit to Dr. Blanda, Ethyl still complained of arm and neck pain and numbness in her left hand, so he had a myelo-gram done by a radiologist. The radiologist’s report, which was entered into evidence, stated that the nerve root sleeves at C5-6 were slightly deformed bilaterally, a finding consistent with discogenic disease at the level of the fifth interspace. Dr. Blanda agreed with the report and it was his opinion that Ethyl had a herniated disc. He then referred her to Dr. Ric Leoni, a neurosurgeon.
Dr. Leoni testified that he believed the problem was one of muscle strain or hyper-extension. He disagreed with the radiologist’s report on the myelogram as he believed the abnormalities were present but not large enough to be a herniated disc.
The testimony of Dr. James C. McDaniel, who saw Ethyl at the defendant’s request, was also presented at trial. Dr. McDaniel, an orthopedist, felt there was more likelihood of a soft tissue type injury rather than a nerve root injury or symptomatic disc problem. In regard to the myelogram, he noted some diffused bulging in the mid cervical region but did not believe the mye-logram was significantly abnormal. He opined that Ethyl’s symptoms were more indicative of a postural problem and did not think her complaints fitted in the disc injury pattern.
The testimony of Ethyl and her husband Kenneth established that because of her pain, she could no longer participate in the physical activities that were so much a part of their life before the accident. They used to play raquetball at least two or three times a week in the morning before work and then sometimes after work with their *319 children. The family also went on camping trips every four to six weeks, and did much hiking and water skiing. There was plenty of testimony to the effect that Ethyl no longer participated in any of those activities because of the pain they caused to her neck and back. Based on all of this evidence, the jury awarded Ethyl $70,000.
The appellant asserts that the jury award is grossly excessive, and asks that it be reduced to $35,000, at the most. Our initial inquiry in determining whether the award is excessive must be directed to whether the trier of fact abused its “much discretion” considering the particular injuries and their effect upon this plaintiff. Reck v. Stevens, 373 So.2d 498 (La.1979).
The facts of this particular case are not really disputed. The plaintiffs vehicle was struck twice by a large truck. One of her children was bleeding and hysterical, another appeared unconscious. Undoubtedly the accident itself and its immediate after effects were traumatic experiences.
That Ethyl herself experienced pain is uncontested. There was evidence by her treating physician from which the jury could conclude that Ethyl had a herniated disc which resulted from the automobile accident. There was ample testimony as to Ethyl’s change in lifestyle as a result of this pain. She was a very active person before the accident and enjoyed various activities with her family such as camping, hiking, swimming, skiing and raquetball. She can no longer participate in these ventures and finds even walking or driving painful if done for any length of time. She has dropped her membership in a local health club and has gained 15 to 20 pounds because of her inability to exercise.
We cannot say as an initial determination that this award is excessive or a clear abuse of the trier of fact’s much discretion. It is therefore inappropriate for us to resort to a review of prior awards, Reck v. Stevens, supra, and the judgment will be affirmed as rendered below. Appellants will pay the costs of this appeal.
AFFIRMED.